IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALGER,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>CHRICOL, INC., dba COLD STONE CREAMERY,<br><br>　　　　　Defendant | Case No. 25-cv-2772<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

JAMES ALGER ("Plaintiff") complains of CHRICOL, INC., dba COLD STONE CREAMERY ("Defendant") as follows:

## INTRODUCTION

1.  More than thirty years have passed since Congress enacted the Americans with Disabilities Act ("ADA"), the landmark civil rights statute designed to ensure that people with disabilities can participate fully in the nation's social and economic life. 42 U.S.C. § 12101(a). Yet, despite this long-standing obligation, Defendant—the owner, operator, lessor, and/or lessee of the Cold Stone Creamery located at 1009 W Arrow Hwy, San Dimas, CA 91773 ("Cold Stone")—has not provided individuals with disabilities equal access to the goods and services offered at its ice cream store. Architectural barriers at the facility continue to prevent Plaintiff and other customers who use wheelchairs or other mobility devices, from using and enjoying the premises on the same terms as nondisabled patrons. These accessibility failures violate the ADA as well as California civil rights laws, including the Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.*, and the Disabled Persons Act, Cal. Civ. Code § 54 *et seq.*

## JURISDICTION

2.  The United States District Court, Central District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12101 et seq. The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise out of the same case or controversy.

## VENUE

3.  All actions complained of herein take place within the jurisdiction of the United States District Court, Central District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c). Additionally, the real property that is the subject of this action is located in the United States District Court, Central

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

2

1  District of California.

## PARTIES

4.     At all relevant times, Plaintiff is a qualified individual with a physical disability as defined by federal and state statutes. Plaintiff has progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. The deterioration from this condition advanced rapidly due to a work-related back injury. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet. These physical impairments substantially limit major life activities, including walking and carrying out tasks that require fine motor skills. Because of these limitations, Plaintiff uses a wheelchair and a scooter for mobility. He lives in Porter Ranch, California.

5.     Defendant currently owns, operates, and/or leases Cold Stone, and did so at all times relevant to this Complaint. Cold Stone is an ice cream store open to the public. Cold Stone is a "public accommodation" or "public facility" subject to the requirements of California Civil Code Sections 51, 52, 54, 54.1, and 54.3, *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. Section 12101, *et seq.*

## FACTUAL ALLEGATIONS

6.     Plaintiff is informed, believes, and alleges that the aforementioned premises have undergone alterations, structural repairs and additions since July 1, 1982, which in turn, subjects Cold Stone to California disabled access requirements under Title 24 of the California Code of Regulations ("CBC").

7.     After leaving Pomona, Plaintiff and his son stopped in San Dimas. Plaintiff's original plan had been to visit a nearby Harbor Freight Tools store—he had never been to one before, and a friend of his often talks about how it is his favorite place to find affordable tools for any occasion. Plaintiff wanted to look around and maybe get some inspiration for Christmas gifts.

8.     Cold Stone, an ice cream shop that also sells milkshakes, was located

next door in the same shopping center. Plaintiff and his son decided to get milkshakes and take a short break before finding lunch.

9. Cold Stone had several small tables with movable chairs, each supported by a single pedestal with an X-shaped base that extended outward along the floor. When Plaintiff sits at tables, he rotates the seat of his mobility scooter about ninety degrees so that he can face the table from the side and pull in close, essentially parallel parking so approaching the table at a 45° angle so the back wheels go just under it and then turning the tiller to the left so that his chair swings under the table. This results with Plaintiff's feet positioned under the table in a seated position. At this location, the metal base of each table occupied that same space. Had Plaintiff tried to pull up, both of his feet and the scooter's wheels would have struck the base, preventing him from positioning properly and making the tables unusable.

10. Feeling like a second-class citizen because he was denied the ability to sit and enjoy a milkshake at Cold Stone, Plaintiff and his son decided to take their shakes back to the car.

11. Plaintiff is deterred from returning to the subject premises because they are not accessible to him. Plaintiff will return as a paying customer if access is provided.

12. Before filing this lawsuit, Plaintiff's counsel engaged a CASp-certified accessibility expert as part of counsel's rule 11 obligations to evaluate the accessibility of the subject property. Based on that evaluation, the expert confirmed the subject premises were inaccessible to Plaintiff.

13. The barriers encountered by Plaintiff are listed without prejudice to Plaintiff citing additional barriers to access by an amended complaint after inspection by Plaintiff's counsel's access expert. *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011); *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir.

2008); *Chapman v. Pier One Imports (USA), Inc.*, 631 F.3d 939 (9th Cir. 2011).

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

## [42 U.S.C. §§ 12101 et seq.]

14. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

15. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities:

> (1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

> (2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

> (3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

> (4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

>(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;
>
>(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;
>
>(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and
>
>(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

16. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12101(b)):

>It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

17. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was: (7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -

___

(B) a restaurant, bar or other establishment serving food or drink. 42 U.S.C. §12181(7)(B)

18. Pursuant to §302, 42 U.S.C. §12182(a), "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

19. The specific prohibitions against discrimination set forth in 42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;
> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that

making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)   a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and

(v)   where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

20.   The acts of Defendant set forth herein were a violation of Plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

21.   The removal of the barriers complained of by Plaintiff as hereinabove alleged were at all times after January 26, 1992 *"readily achievable"* as to the subject building(s) of Cold Stone. On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i) and (ii).

22. Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Here, the architectural barriers complained of—specifically, Defendant's failure to provide any accessible dining table usable by a wheelchair or mobility scooter user—are readily achievable to remove within the meaning of 42 U.S.C. § 12181(9). Removal of these barriers requires only the replacement one existing pedestal-style table with a commercially available ADA-compliant table providing adequate knee and toe clearance. This does not invovle structural alteration, specialized construction, or significant expense. Such measures are expressly contemplated by the ADA as readily achievable barrier removal, and the minimal cost of remediation is negligible when compared to Defendant's overall financial resources and ongoing operational expenses. The benefits of providing access, including ensuring full and equal enjoyment of Defendant's services, eliminating exclusion of mobility-disabled patrons, expanding Defendant's customer base, and achieving compliance with federal and California civil rights laws, substantially outweigh the minimal cost of remediation.

23. On information and belief, construction work on, and modifications of, the subject building(s) of Cold Stone occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA that are specifically addressed in the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"). These requirements expressly prohibit the design and construction of facilities for first occupancy after January 26, 1993 that are not readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. Plaintiff is further informed and believes that Defendant violated the ADA by designing and

1  constructing Cold Stone and related facilities in a manner that was not readily
2  accessible to Plaintiff and other physically disabled members of the public when it
3  was structurally practical to do so.
4      24.    Plaintiff is informed, believes, and alleges that removal of each and
5  every one of the architectural barriers complained of herein and those yet to be
6  discovered were also required under California law. On further information and
7  belief, alterations, modifications, and structural repairs made to Cold Stone and its
8  available facilities since January 26, 1992, the compliance date for the ADA,
9  independently triggered access requirements under Title III of the ADA to remove
10 barriers to access for persons with disabilities.
11     25.    Plaintiff is informed, believes, and alleges that Defendant has denied
12 and continues to deny full and equal access to Plaintiff and to other persons with
13 disabilities, which amounts to unlawful discrimination against Plaintiff and other
14 similarly situated people on the basis of their disabilities in violation of the ADA.
15     26.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.
16 §12188, *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in
17 §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as he is being
18 subjected to discrimination on the basis of disability in violation of this title or
19 have reasonable grounds for believing that he is about to be subjected to
20 discrimination in violation of the ADA.
21     27.    Defendant's acts and omissions giving rise to this action have caused
22 Plaintiff to incur legal expenses and attorney fees to enforce Plaintiff's rights
23 against discrimination and to enforce provisions of the law providing access to
24 public accommodations for disabled persons. Thus, Plaintiff seeks to recover all
25 reasonable attorney's fees, litigation expenses (including expert fees) and costs,
26 pursuant to Section 505 of the ADA (42 U.S.C. Section 12205) and 28 C.F.R.
27 Section 36.505, the Department of Justice's regulations for enforcement of Title III

of the ADA.

## SECOND CLAIM

## UNRUH CIVIL RIGHTS ACT

### Cal. Civ. Code §51 *et seq.*

28. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

29. Cold Stone is a business establishments and, as such, must comply with the Unruh Act, Cal. Civ. Code, § 51, *et seq.*

30. The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code, § 51(b).

31. The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. Cal. Civ. Code, § 51 (f).

32. Defendant has violated the Unruh Act by, among other things*,* denying, or aiding or inciting the denial of, Plaintiff's right to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Cold Stone.

33. Defendant has also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

34. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CLAIM

## DISABLED PERSONS ACT

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

11

**Cal. Civ. Code § 54 *et seq.***

35. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

36. Cold Stone and its facilities are places of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the California Disabled Persons Act ("CDPA"), Cal. Civ. Code § 54 *et seq.*

37. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

38. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

39. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, Cal. Civ. Code § 54.1(d).

40. Defendant has violated the CDPA by, among other things, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, or facilities of Cold Stone and its related facilities due to his disability.

41. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

1. Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer

irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief he requests. Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2. Plaintiff requests a declaratory judgment that Defendant's actions, omissions, and failures—including, but not limited to, failing to remove known barriers at Cold Stone to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Cold Stone in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3. Plaintiff requests that the Court issue an order enjoining Defendant, its agents, officials, employees, and all persons and entities acting in concert with it:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b. To provide reasonable accommodation for persons with disabilities at Cold Stone;
   c. To ensure that persons with disabilities are not denied equal benefits at Cold Stone;
   d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all barriers to access where "readily achievable;"
   e. To maintain such accessible facilities once they are provided;
   f. To train Defendant's employees and agents in how to accommodate the rights and needs of physically disabled persons at Cold Stone; and

      g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the facilities.

4. Plaintiff requests that the Court retain jurisdiction over Defendant until the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, general damages and treble damages in amounts within the jurisdiction of this Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: December 15, 2025          ALLACCESS LAW GROUP

                                            */s/ Irakli Karbelashvili*
                                            By IRAKLI KARBELASHVILI, Esq.
                                            Attorney for Plaintiff
                                            JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES

14

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: December 15, 2025                ALLACCESS LAW GROUP

                                                                                */s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER